# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DOLORES A. ROMERO,

       Plaintiff,

vs.                                                                              No. CIV 17-0373 JB/JHR

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum, filed September 5, 2017 (Doc. 20)("Motion"); (ii) the Objections to Magistrate Judge's Proposed Findings and Recommended Disposition Pursuant to 28 U.S.C. § 636(b)(1), filed February 7, 2018 (Doc. 28)("Objections"); and (iii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 26, 2018 (Doc. 27)("PFRD"). Having reviewed the decision of the Honorable Jerry H. Ritter, United States Magistrate Judge for the District of New Mexico, and Plaintiff Dolores Romero's Objections, the Court overrules Romero's Objections and adopts Magistrate Judge Ritter's PFRD in full.

## BACKGROUND

Romero applied for disability insurance benefits, asserting that she is disabled due to severe central spinal canal stenosis. The Administrative Law Judge ("ALJ") who denied her claim recognized that she has the "severe impairments" of "status post lumbar spinal canal stenosis status post surgery in 2003 and decompression in November 2012, fibromyalgia, early

osteoarthrosis of the left sacroiliac joint, osteopenia of the lumbar spine and femoral neck, and chronic pain syndrome." Decision at 3, Administrative Record at 21, filed June 19, 2017 (Doc. 15-3)("Decision"). Despite her impairments, however, the ALJ determined that Romero retains the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR § 404.1567(b)." Decision at 6, Administrative Record at 24. Accordingly, the ALJ determined that Romero is capable of returning to her past relevant work as a gambling cashier, billing clerk, receptionist, customer service representative, and private bank exchange service adviser. See Decision at 10, Administrative Record at 28. Thus, the ALJ denied benefits. See Decision at 11, Administrative Record at 29.

Romero appealed to the Court, asserting that substantial evidence did not support the ALJ's RFC finding and that the RFC is contrary to law. See Motion at 12. Romero further argued that the ALJ committed reversible error by determining that Romero can perform her past relevant work. See Motion at 21-22. Magistrate Judge Ritter addressed, and rejected, Romero's arguments. Romero, nevertheless, disagrees with nearly every conclusion Magistrate Judge Ritter reached, while Nancy A. Berryhill, Acting Commissioner of Social Security ("Commissioner"), argues in support of the Magistrate Judge Ritter's decision. Ultimately, the Court agrees with Magistrate Judge Ritter's conclusions and overrules Romero's Objections.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific

written objections to the proposed findings and recommendations."  Finally, when resolving objections to a Magistrate Judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, [1] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have

---

[1] See 28 U.S.C. §§ 631-39.

adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored.  However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Pevehouse v. Scibana, Tarpley v. Colvin, Paulsen v. Colvin, Parris v. Barnhart, Vigil v. Colvin, Watts v. Berryhill, Villalobos v. Colvin, and Burk v. Astrue have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." <u>See</u> Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. <u>See</u> <u>id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. <u>See</u> Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" <u>One Parcel</u>, 73 F.3d at 1060 (quoting

Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the objection's lack of specificity, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation," when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based

on conflicting testimony or evidence . . . .  the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000).  "[T]he district court is presumed to know that de novo review is required. . . .  Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766.  The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate Judge's proposed findings and recommendations, when there are no objections a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a Magistrate Judge's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676)(emphasis omitted). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous,

arbitrary, obviously contrary to law, or an abuse of discretion." 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec.Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is signed at

the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

**ANALYSIS**

As noted, Romero takes issue with almost every conclusion that Magistrate Judge Ritter reached in the PFRD. The Court addresses each Objections in turn. It determines that it will overrule Romero's Objections.

**I. THE COURT OVERRULES ROMERO'S OBJECTIONS REGARDING THE ALJ'S RFC DETERMINATION.**

Romero argues that the "RFC determination was pivotal for the outcome of [her] case" because, had the ALJ limited her to sedentary work, she would have been found disabled under the "grids." Objections at 1. Romero has not demonstrated that the ALJ's RFC finding was error. The Court accordingly overrules this objection.

**A. SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S CONCLUSIONS.**

In rejecting Romero's claim, the ALJ adopted the findings of two state agency consultants who reviewed her medical records and concluded that she is capable of performing light work. See Decision at 9, Administrative Record at 27. The ALJ recognizes:

> Generally, the opinions of non-examining medical sources are entitled to less weight than the opinions of treating and examining sources. However, it is possible in a particular case, depending on all the facts of that case, to give greater weight to the opinion of a non-examining source (20 CFR 404.1527(f) and Social Security Ruling 96-6p).

Decision at 9, Administrative Record at 27. In this case, the ALJ concluded that "the consultants' opinions are consistent with the mild diagnostic and clinical findings and the conservative treatment records." Decision at 10, Administrative Record at 28.

Romero argued before Magistrate Judge Ritter that, for several reasons, it was error for the ALJ to adopt the non-examining consultant's findings. See Motion at 13. First, she argued

that there "are almost 200 pages of medical records that post-date those opinions[,]" rendering them stale. Motion at 13. Magistrate Judge Ritter rejected that argument after reviewing the medical records post-dating the consultants' opinions. See PFRD at 7-11. Magistrate Judge Ritter also recognized that the Tenth Circuit's decision in Tarpley v. Colvin, 601 F. App'x 641, 644 (10th Cir. 2015)(unpublished), undermines Romero's position, because, in that case, the Tenth Circuit affirmed an ALJ's reliance on non-examining consultants' findings despite the existence of records post-dating their opinions. See PFRD at 7-11.

As Magistrate Judge Ritter recognized, "[s]tate agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." PFRD at 5 (quoting 20 C.F.R. § 404.1513a). Accordingly, there was nothing improper about the ALJ relying on their opinions here, so long as substantial evidence supports that reliance. Romero objects that substantial evidence does not support the ALJ's finding, citing the record in support. See Objections at 2. Romero specifically objects to Magistrate Judge Ritter's failure to discuss an audiological evaluation wherein she complained of dizziness. See Objections at 2. In Romero's brief before Magistrate Judge Ritter, however, she admits that "allergy medications were helping with the dizziness," and that her issues with dizziness were not the result of a neurological problem. See Objections at 8. Accordingly, Romero's argument does not undermine the ALJ's reliance on the state agency consultants' findings that Romero could perform light work, nor does it undermine Magistrate Judge Ritter's determination.

Romero contends that her case is distinguishable from Tarpley v. Colvin, because, in that case, "the claimant 'continued to remain active with her friends and family, successfully treat her pain with medication, and have normal physical and mental examinations,'" whereas, "although Ms. Romero has had a normal range of motion and gait, she also had abnormal findings of

paraspinal tenderness and her pain was not helped by medications." Motion at 2. As the ALJ recognized, however,

> [i]n an adult function report dated April 7, 2013, the claimant reported she is able to make coffee, make breakfast, take a short walk, go to water therapy or the fitness center, and use the computer. She also indicated she has no problems with personal care and can prepare her own meals. . . . She further acknowledged she is able to drive a car, shop in stores, and camp and fish in the summer. . . .

Decision at 5, Administrative Record at 23. The ALJ relied upon Romero's admission here in formulating her RFC, see Decision at 8, Administrative Record at 26, and the Court concludes that it renders this case sufficiently analogous to Tarpley v. Colvin to withstand scrutiny.

Romero next broadly objects to Magistrate Judge Ritter's conclusion that her post-surgery treatment was conservative. See Objections at 3-4. Romero further objects that "Dr. Castillo's statement that she had 'failed conservative management' of therapy and medications contradicts the ALJ's findings, as does the diagnosis of osteopenia." Objections at 3. Romero's argument does not take into account that Magistrate Judge Ritter's conceded "that spinal surgeries cannot be considered 'conservative' treatment," PFRD at 7, but he ultimately concluded that her post-surgery treatment was in fact conservative, see PFRD at 7. The Court has reviewed the records Magistrate Judge Ritter relied on, see PFRD at 7-11, and finds that substantial evidence supports the ALJ's decision that Romero's "treatment records support [the] finding she could perform the light range of work[,]" despite the fact that surgical intervention was required at one point. Decision at 7, Administrative Record at 25. Finally, the Court reminds Romero that a mere diagnosis cannot form the basis of a disability finding under the regulations. See Paulsen v. Colvin, 665 F. App'x 660, 666 (10th Cir. 2016)(unpublished)("The mere diagnosis of a condition does not establish its severity or any resulting work limitations.").

Therefore, while the Court agrees with Romero that surgery is invasive treatment, having surgery alone is insufficient to support a restriction once the patient has healed.

**B. THE ALJ DID NOT ERR IN FAILING TO INCLUDE PAIN LIMITATIONS IN THE RFC.**

As noted, the ALJ concluded that Romero can perform a full range of light work under 20 C.F.R. § 404.1567(b). <u>See</u> Decision at 6, Administrative Record at 24. This conclusion means that the ALJ ostensibly rejected any limitations related to pain that Romero proffered. Romero objects, citing that she has been diagnosed with fibromyalgia and chronic pain syndrome, both of which are consistent with limitations related to pain. <u>See</u> Objections at 5. Again, however, Romero does not point to any functional limitations resulting from these diagnoses. As the Tenth Circuit has stated: "The mere presence of a condition is not necessarily disabling. Rather, the condition, alone or in combination with other impairments, must render claimant unable to engage in any substantial gainful employment." <u>Paulsen v. Colvin</u>, 665 F. App'x at 666 (quoting <u>Coleman v. Chater</u>, 58 F.3d 577, 579 (10th Cir. 1995)(brackets omitted)). Thus, the Court sees no error in the ALJ's failure to include pain limitations in the RFC.

**C. THE ALJ DID NOT ERR IN HER ANALYSIS OF THE "TREATING SOURCE" OPINION.**

In adopting the state agency consultants' conclusions, the ALJ necessarily -- and explicitly -- rejected the opinion of Romero's treating physician's assistant, Abdul Mamdani, that she is unable to perform the requirements of light work. <u>See</u> Decision at 9, Administrative Record at 27. The ALJ rejected that Mamdani's opinion, because: (i) it was conclusory; (ii) it lacked support by objective clinical or diagnostic findings; (iii) Romero's treatment was conservative; and (iv) Mamdani is not an "acceptable medical source" under the regulations.

Decision at 9, Administrative Record at 27. Romero objects, asserting that her "treating source" should have been given the most weight of all. Objections at 6-8. Romero's argument is flawed for a few reasons.

First, as Magistrate Judge Ritter discussed, Mamdani, as a physician's assistant, cannot be considered a "treating source" under the regulations, because he is not a licensed physician, psychologist, optometrist, podiatrist, or speech-language pathologist. PFRD at 21 (citing SSR 06-03p, 2006 WL 2329939, at *2). Accordingly, contrary to Romero's position, it was permissible for the ALJ to consider Mamdani's specialty, education, and training, or lack thereof, in deciding the weight to assign to his opinion. See Decision at 9, Administrative Record at 27. Romero disagrees, citing Frantz v. Astrue, 509 F.3d 1299, 1301-02 (10th Cir. 2007). See Objections at 6. As Magistrate Judge Ritter explains, however, while a nonacceptable medical source's opinion can, in some cases, outweigh the opinion of an acceptable medical source, that determination can be made only after applying the relevant regulatory factors. See PFRD at 24. Magistrate Judge Ritter concluded that substantial evidence supported the ALJ's application of the regulatory factors in this case, and the Court agrees with Magistrate Judge's conclusion.

Second, Magistrate Judge Ritter does not "misapprehend[] what the ALJ was required to assess from PA Mamdani's opinion" as Romero argues. Objections at 6. Mamdani opined that Romero cannot work because of pain, and cannot sit, stand or walk for long periods or lift more than ten pounds. See Letter from Abdul Mamdani at 1 (dated April 22, 2015), filed June 19, 2017 (Doc. 15-35), Administrative Record at 907. These restrictions are inconsistent with Romero's RFC. Magistrate Judge Ritter, therefore, correctly recognized, after thoroughly reviewing Mamdani's treatment notes, that the restrictions he opined lacked support.

Third, Magistrate Judge Ritter correctly recognizes that Romero fails to identify an acceptable medical source's opinion that conflicts with the ALJ's RFC findings. See PFRD at 24. Romero objects to this point on the ground that the Commissioner failed to send her for a consultative examination with an acceptable medical source. See Objections at 7. That argument is a nonstarter, however, as it is the Commissioner's prerogative to determine when a consultative examination is necessary. See 20 C.F.R. § 404.1517. Under 20 C.F.R. § 404.1517, the Commissioner "may ask you to have one or more physical or mental examinations or tests" if "your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled." 20 C.F.R. § 404.1517 (emphasis added). Thus, that the Commissioner did not exercise her discretion to send Romero for an examination does not undermine Magistrate Judge Ritter's conclusion.

Finally, Romero objects to Magistrate Judge Ritter's purported post hoc justification of the ALJ's finding that Mamdani was advocating for Romero. Compare Decision at 9, Administrative Record at 27 with PFRD at 25. The Court disagrees with Romero that Magistrate Judge Ritter's analysis was post hoc. The ALJ reasoned that "due to the absence of objective supportive evidence," it appears that Mamdani "relied quite heavily" on Romero's subjective reporting and may have been advocating for her. See Decision at 9, Administrative Record at 27 ("The possibility exists that a treating source may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another."). Magistrate Judge Ritter recognized that the ALJ failed to cite any evidence in support of her conclusion that Mamdani was advocating, but Magistrate Judge Ritter then proceeded to discuss caselaw supporting the notion that an ALJ may properly rely on a claimant's credibility when assessing a medical source's opinion if the opinion departs from the objective medical evidence. See PFRD at 25.

Even if the Court were to reject Magistrate Judge Ritter's analysis on this specific point, ultimately, "the ALJ's decision [as to the weight to assign to Mamdani's opinion] is sufficient if it permits [the Court] to 'follow the adjudicator's reasoning.'" Paulsen v. Colvin, 665 F. App'x 660, 666 (10th Cir. 2016)(quoting Keyes-Zachary v. Astrue, 695 F.3d 1156, 1164 (10th Cir. 2012)). The Court concludes that substantial evidence supports the ALJ's other reasons for rejecting Mr. Mamdani's opinion, and the Court can follow her reasoning. The Court, therefore, adopts Magistrate Judge Ritter's finding that the ALJ "permissibly rejected" Mamdani's opinion. PFRD at 20.

### D.  THE ALJ'S FAILURE TO PERFORM A FUNCTION-BY-FUNCTION ANALYSIS WAS HARMLESS ERROR.

Magistrate Judge Ritter recognizes that the ALJ technically erred by failing to present a function-by-function analysis when formulating Romero's RFC. See PFRD at 26. Magistrate Judge Ritter concluded, however, that "the ALJ's formulation of Plaintiff's RFC in this case accounts for all supported limitations by reference to evidence of record," rendering any structural error harmless. PFRD at 26-27. In reaching this conclusion, the Magistrate Judge relied on Hendron v. Colvin, 767 F.3d 951, 954-57 (10th Cir. 2014). See PFRD at 26. Romero objects, contending that Hendron v. Colvin is distinguishable from her case, "because there was no evidence to support a limitation on the ability to sit during the relevant time period -- a mere two months. . . . Here, Ms. Romero consistently reported to PA Mamdani that her pain affects her ability to sit, stand, and walk for prolonged periods." Objections at 9 (citations omitted)(emphasis in original).

The Court rejects Romero's Objection, because she has pointed to no evidence supporting her contention that she is unable to perform the requirements of light work beyond her own testimony and subjective statements. Romero's statements alone are insufficient to

support a finding of disability, and the Court concludes that they are also insufficient to establish the functional restrictions she claims in this case.  See 20 C.F.R. § 404.1529(a).

> [S]tatements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. § 404.1529(a).  See Parris v. Barnhart, 99 F. App'x 858, 860 (10th Cir. 2004)(unpublished)("A claimant's statements alone are insufficient to establish the existence of an impairment.").  Accordingly, while the ALJ should have provided a function-by-function analysis, the ALJ's failure to present a function-by-function analysis was harmless.

### E.  MAGISTRATE JUDGE RITTER DID NOT ERR IN CONCLUDING THAT THE ALJ PROPERLY RELIED ON ROMERO'S DAILY ACTIVITIES TO SUPPORT THE RFC FINDING.

Romero's final Objection about her RFC is that Magistrate Judge Ritter erred in "finding that the ALJ properly relied on Ms. Romero's daily activities to support the RFC finding for light work."  Objections at 9 (citing PFRD at 15, 18).  Romero's objection is two-fold.  First, she asserts that Magistrate Judge Ritter incorrectly concluded that the ALJ "properly relied upon differences between the limitations contained in the first and second function reports."  Objections at 9.  The Court has reviewed Romero's function reports, however, and agrees with Magistrate Judge Ritter's conclusion that substantial evidence supports the ALJ's decision to devalue Romero's testimony, because her testimony is inconsistent between the two reports.  See PFRD at 18-19 (citing Vigil v. Colvin, 623 F. App'x 936, 939 (10th Cir. 2015)(unpublished)).

Romero's second Objection on this point is that her "reports of an inability to sit or stand for long periods of time, sleep problems, and limited outside activities, were all reported in the

first report form." Objections at 9. Thus, she argues, the ALJ's RFC finding is inconsistent with Romero's abilities even if the severe functional limitations in her second report are ignored. See Objections at 9. Romero's position does not take into account that it is generally the ALJ who determines issues of credibility, and the Court is not permitted to reverse the ALJ simply because Romero disagrees with the ALJ's findings. See Watts v. Berryhill, 705 F. App'x. 759, 763 (10th Cir. 2017)(unpublished)("Ms. Watts' argument that the ALJ should have found her subjective complaints fully credible because she sought treatment and took her medications is essentially asking this court to impermissibly reweigh the evidence and improperly substitute our judgment for the Commissioner's, which we may not do.").

Romero, however, takes her argument one step further. She argues that the ALJ, and Magistrate Judge Ritter, were wrong to discount her credibility on the basis of her own reporting, because her "conditions are progressive." Objections at 10 (citing Kellams v. Berryhill, 696 F. App'x 909, 916 (10th Cir. 2017)). Kellams v. Berryhill is inapposite here, however, because in that case, the claimant presented evidence that his medication dosages were consistently increased. 696 F. App'x. at 916. As Magistrate Judge Ritter stated in the PFRD, Romero's medications were never increased post-surgery and she was, instead, progressively weaned off of narcotic pain medication until she was relying on nonsteroidal anti-inflammatory drugs and stretching/water therapy. See PFRD at 7-11. The Court concludes, accordingly, that Magistrate Judge Ritter did not err.

**F.      THE COURT OVERRULES THE OBJECTIONS REGARDING THE PAST WORK FINDING.**

Romero "claims the ALJ erred in finding her able to perform her past relevant work because he failed to make a specific finding regarding the physical and mental demands of past work." Objections at 11. Romero's argument is based on the Tenth Circuit's decision in

Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996). Under Winfrey v. Chater, there are three phases that an ALJ must complete as part of step four of the sequential evaluation process. See Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). Romero objects to Magistrate Judge Ritter's analysis only as to the second and third of these phases. See Objections at 11-13.

> [I]n the second phase, [the ALJ] must determine the physical and mental demands of the claimant's past relevant work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

Doyal v. Barnhart, 331 F.3d at 760.

The Tenth Circuit recognized that "[i]t is improper for an ALJ to make RFC findings and then to delegate the remaining phases of the step four analysis to the vocational expert[.]" Doyal v. Barnhart, 331 F.3d at 761. Romero's argument assumes that improper delegation is what happened here. See Motion at 23; Objections at 11. Specifically, Romero "claims the ALJ did not find that she can perform the jobs 'as generally performed,' and her testimony regarding her jobs as actually performed is inconsistent with the RFC finding." Objections at 11. The Court disagrees with Romero. The ALJ concluded that Romero can perform her past work "as generally performed pursuant to the DOT and as performed by the claimant." Decision at 10, Administrative Record at 28. The ALJ's finding is based on a description of Romero's past relevant work as the Vocational Expert describes. See Social Security Administration Office of Disability Adjudication and Review Transcript at 38-39, filed June 19, 2017 (Doc. 15-4), Administrative Record at 71-72. As the Doyal v. Barnhart court recognized, this method is proper. Doyal v. Barnhart, 331 F.3d at 761 ("The ALJ did not delegate the analysis to the vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis. There was nothing improper about this.").

Romero contends that her argument is distinct from the claimant's in <u>Doyal v. Barnhart</u>. <u>See</u> Objections at 11.  She explains that "there was no mention of a distinction between the jobs as Ms. Romero performed them and as generally performed in the national economy." Objections at 12.  Romero asks too much of the ALJ.  In rejecting this argument, Magistrate Judge Ritter noted that, at the second phase, an ALJ "must obtain factual information about those work demands which have a bearing on the medically established limitations."  PFRD at 31 (quoting <u>Winfrey v. Chater</u>, 92 F.3d at 1024).  Here, the ALJ found Romero capable of performing a full range of light work. It is not surprising, therefore, that the ALJ did not include Romero's self-imposed sitting and standing restrictions either in the RFC or in her evaluation of Romero's past relevant work.

Undeterred, Romero argues that the Tenth Circuit's decision in <u>Villalobos v. Colvin</u>, 544 F. App'x 793, 797 (10th Cir. 2013)(unpublished), dictates the outcome here.  The Court, having reviewed that decision, agrees with Magistrate Judge Ritter that it is distinguishable from the present case, because the ALJ in <u>Villalobos v. Colvin</u> completely omitted phase two of the step-four process, whereas the ALJ in this case did not omit phase two.  <u>See</u> PFRD at 32-33.  Thus, <u>Villabos v. Colvin</u> does not control here.

Finally, Romero argues that Magistrate Judge Ritter erred in distinguishing <u>Burk v. Astrue</u>, 493 F. App'x 913 (10th Cir. 2012)(unpublished).  Romero's argument misapprehends the PFRD's analysis of <u>Burk v. Astrue</u>, because Magistrate Judge Ritter relied on it.  <u>See</u> PFRD at 34. As Magistrate Judge Ritter noted, even Romero concedes in her briefing that "extensive inquiry into the demands of past work is not necessary" where the only RFC restriction is for the full range of light work.  Motion at 24 (citing <u>Burk v. Astrue</u> for the proposition that "[t]here is case law holding that where the only RFC restriction was for a full range of light work, extensive

inquiry into the demands of past work is not required."). Thus, <u>Burk v. Astrue</u> supports the ALJ's and Magistrate Judge Ritter's reasoning in this case. The Court, having carefully reviewed Plaintiff's objections to the Magistrate Judge's PFRD, concludes that they lack a sound basis in the cases' facts and in the applicable law.

**IT IS ORDERED** that: (i) Plaintiff Dolores A. Romero's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for Rehearing, with Supporting Memorandum, filed September 5, 2017 (Doc. 20), is denied; (ii) the Objections to Magistrate Judge's Proposed Findings and Recommended Disposition Pursuant to 28 U.S.C. § 636(b)(1), filed February 7, 2018 (Doc. 28), are overruled; and (iii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 26, 2018 (Doc. 27), is adopted in full. Romero's Complaint, filed March 27, 2017 (Doc. 1), is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Francesca J. MacDowell
MacDowell Law, P.C.
Placitas, New Mexico

> *Attorney for the Plaintiff*

Laura H. Holland
Alexess D. Rea
Social Security Administration
Office of the General Counsel
Denver, Colorado

--and--

John C. Anderson
  United States Attorney
Manuel Lucero
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

> *Attorneys for the Defendant*